# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Gabriel S. Godoy-Dalmau
+1 305-789-7471
Gabriel.Godoy-Dalmau@hklaw.com

June 20, 2025
*VIA ECF*

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007-1312



Re:   *J. Gasso Gasso v. Doe*, 25-cv-04859, Plaintiff's Request For Discovery

Dear Judge Failla:

We represent Plaintiff, J. Gasso Gasso ("**Plaintiff**"), in the above-captioned matter. Plaintiff commenced this action against a John Doe, still-unidentified individual ("**Defendant**"). Through this letter motion, Plaintiff addresses its request for leave under Federal Rule of Civil Procedure 26(d)(1) to serve third-party subpoenas prior to a Rule 26(f) conference so that Plaintiff can identify Defendant's true identity, serve Defendant, and proceed with this litigation.[1] Plaintiff also requests that the Court defer scheduling a Rule 16 conference under its Individual Rule 3(B) until after Plaintiff serves Defendant.

A party should be granted leave under Rule 26(d)(1) to propound discovery prior to a Rule 26(f) conference based on a "flexible standard of reasonableness and good cause." *Jordane Enters. v. Does*, 2021 WL 2555809, at *1 (S.D.N.Y. June 22, 2021) (Failla, J.) (quotation omitted). Such discovery should be granted to identify a John Doe defendant where, like here, the plaintiff (i) alleges a "*prima facie*" claim, (ii) identifies the "discovery request" with "specificity," (iii) lacks an "alternative means to obtaining the information sought," (iv) needs the "information sought in order to advance the claim," and (v) that need exceeds the defendant's "expectation of privacy." *Id.* (citing *Arista Records v. Doe*, 604 F.3d 110 (2d Cir. 2010)).

Here, as discussed below, each of those prongs is satisfied. Indeed, Defendant, using information obtained after a cyberattack on Plaintiff's email server, tricked Plaintiff into transferring millions of dollars into multiple bank accounts. That bank account information is the only means Plaintiff has at the moment of identifying Defendant's true identity and contact information so as to effectuate service. Plaintiff is thus seeking leave to serve subpoenas on Citi Bank and TD Bank,

---

[1] Plaintiff respectfully posits that this matter is sufficiently framed in this letter so as to support granting the sought John Doe identification discovery. Nevertheless, Plaintiff at minimum requests leave to file a formal discovery motion (including after an informal discovery conference, if necessary) under Local Rule 37.2 and the Court's Individual Rule 2(C)(ii) to the extent the Court would like additional briefing, supporting materials, and insight on the matter.

which are the only entities that Plaintiff currently knows are connected to Defendant. Such discovery is reasonable and supported by good cause.

*First*, Plaintiff alleges *prima facie* claims for fraudulent misrepresentation, conversion, and violation of the Computer Fraud and Abuse Act ("CFAA").

(a) Fraud: A plaintiff plausibly pleads a claim for fraudulent misrepresentation where, like here, it alleges sufficient facts reasonably supporting that (i) the defendant made a "material representation of a fact," (ii) had "knowledge of its falsity" (iii) with an "intent to induce reliance," (iv) the plaintiff justifiably relied on the representation, and (v) such reliance caused the plaintiff "damages." *Forgione v. Gaglio*, 2015 WL 718270, at *16–19 (S.D.N.Y. Feb. 13, 2015) (Failla, J.) (quoting *IKB Int'l v. Bank of Am.*, 584 F. App'x 26 (2d Cir. 2014)). Additionally, a plaintiff satisfies Rule 9(b)'s "particularity pleading requirements" where, also like here, they "[i] detail the statements (or omissions) that the plaintiff contends are fraudulent, [ii] identify the speaker, [iii] state where and when the statements (or omissions) were made, and [iv] explain why the statements (or omissions) are fraudulent." *Id.* (quoting *Eternity Global Master Fund v. Morgan Guar. Trust*, 375 F.3d 168 (2d Cir. 2004)). Here, Plaintiff, a pharmaceutical distributor, alleges Defendant used information obtained from Defendant's cyberattack on Plaintiff's system to impersonate Plaintiff's vendors, including Novo Nordisk, AS ("Novo Nordisk") and Johnson & Johnson ("J&J"). ECF No. 1 ¶¶ 5–8. Specifically, around January 2025, Defendant unlawfully accessed Plaintiff's Office 365 platform and obtained Plaintiff's emails with its vendors. *Id.* ¶ 9. On January 28, February 20, and March 5, 2025, Defendant used the information learned from those emails to impersonate representatives from Novo Nordisk and J&J, directing Plaintiff by email to pay various invoices to (what Defendant claimed were) the vendors' Citi Bank accounts. *Id.* ¶¶ 10–15 & n.2. Plaintiff justifiably relied on Defendant's representations, transferring over **$4 million** to those Citi Bank accounts. *Id.* ¶¶ 13, 15, 48, 49. Plaintiff has since learned that the payments were not made to Novo Nordisk's and J&J's bank accounts but, rather, to Defendant's accounts. *Id.* ¶¶ 10–15, 45–46 & n.2. Plaintiff has also been informed that at least some of the funds have been transferred from Defendant's Citi Bank account to a TD Bank account and then, ultimately, converted into cryptocurrency. *Id.* ¶ 16. No more is required to allege fraud. *See Forgione*, 2015 WL 718270, at *16–19 (finding plaintiff sufficiently alleged fraud).

(b) Conversion: A "conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. New York Organ Donor Network, Inc.*, 827 N.Y.S.2d 96, 100 (N.Y. 2006). Its key elements are "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Id.* (citations omitted). Here, Plaintiff alleges that Defendant took possession of over $4 million in funds rightfully belonging to Plaintiff, wrongfully depriving Plaintiff of that property. ECF No. 1 ¶¶ 37–41. It further alleges that the stolen funds are readily identifiable sums of money that Plaintiff would have possession of but for Defendant's conversion of those monies. *Id*.

(c) CFAA: With regard to the CFAA, "[t]o state a claim for loss in excess of $5,000, Plaintiff must plead that Defendant: (1) accessed a 'protected computer'; (2) 'without any authorization or

2

exceeding its authorized access'; and (3) caused 'loss' in excess of $5,000." *Rekor Sys. v. Loughlin*, 2022 WL 789157, at *11 (S.D.N.Y. Mar. 14, 2022). Plaintiff has alleged that Defendant intentionally launched a cyberattack whereby Defendant accessed Plaintiff's server, Office 365 platform, and email systems (which are involved in interstate and/or foreign commerce) without authorization, obtained information from those systems, including Plaintiff's email account data and other property of value, and that Plaintiff incurred technical and legal expenses to investigate the wrongdoing and other monetary losses in excess of $5,000. ECF No. 1 ¶¶ 22-31.

*Second*, Plaintiff's "discovery request" is stated with "specificity." Plaintiff simply seeks Defendant's "names and identifying information" so as to effect service. *Jordane Enters.*, 2021 WL 2555809, at *1 (collecting cases, finding such requests are "sufficiently narrowly tailored"). Additionally, because the circumstances of Defendant's cyber-fraud render it likely that Defendant gave Citi Bank and/or TD Bank alias and/or false contact information, Plaintiff also seeks to discover transaction history on the bank accounts showing to where Defendant transferred funds sufficient to trace their ultimate location and, in turn, identify Defendant's true identity and contact information. *See Cohn v. Popescu*, 2024 WL 4525511, at *4–5 & n.3 (E.D. Tex. Aug. 16, 2024) (collecting cases, authorizing such discovery in cyber-theft case to identify the cyber defendant).

*Third*, Plaintiff lacks an alternative means to obtain Defendant's true identity. Indeed, Plaintiff has thus far been unsuccessful at reversing the transactions and has yet to recover the funds stolen from it (ECF No. 1 ¶ 17), and the very nature of Defendant's misconduct (cyber-fraud involving cryptocurrency) renders it incredibly difficult to identify Defendant at all. Plaintiff's only current means to discover Defendant's identity is through the banks that Defendant used to fraudulently receive Plaintiff's funds. *See id.* ¶¶ 3, 11–14, 16 & n.1; *Jordane Enters.*, 2021 WL 2555809, at *1 (noting court is "not aware of any other means" to discover defendant's identity).

*Fourth*, Plaintiff has a genuine need for discovering Defendant's identity. As this Court has aptly phrased, "without granting Plaintiff's request, the defendants cannot be identified and served, and the litigation cannot proceed." *Jordane Enters.*, 2021 WL 2555809, at *1 (collecting cases).

*Fifth*, Defendant's privacy interest in remaining anonymous is outweighed by Plaintiff's discovery needs. Indeed, as discussed above, Defendant affirmatively leveraged the anonymity inherent in online commerce to successfully defraud Plaintiff out of millions of dollars. That is not a germane use of privacy. *See id.* (collecting cases, finding "John Doe defendants have only a minimal expectation of privacy in engaging in certain tortious conduct," even where the "identification of the defendants may be the source of public embarrassment"). That is particularly so in cyber-fraud cases where, as here, "any privacy interests that alleged cybercriminals have concerning the discovery of information about their identities and activities is outweighed by the need to adjudicate victims' claims against them." *Cohn*, 2024 WL 4525511, at *4 (citation omitted).

For these reasons, Plaintiff should be granted leave to serve subpoenas on Citi Bank and TD Bank. To the extent the Court would like additional insight, Plaintiff should at minimum be granted leave to file a formal discovery motion, or the matter addressed at an informal conference. Additionally, any Rule 16 scheduling conferences should be deferred until after Defendant is served.

>Respectfully submitted,
>
>By:/s/ *Gabriel S. Godoy-Dalmau*
>
>HOLLAND & KNIGHT LLP
>Gabriel S. Godoy-Dalmau
>New York Bar No. 5668447
>Email: gabriel.godoy-dalmau@hklaw.com
>701 Brickell Avenue, Suite 3300
>Miami, Florida 33131
>
>*Attorneys for Plaintiff J. Gasso Gasso, SAS*

```
Application GRANTED.  The Court authorizes Plaintiff to serve
subpoenas on CitiBank and TD Bank pursuant to Federal Rule of
Civil Procedure 26(d)(1).

The Clerk of Court is directed to terminate the pending motion at
docket entry 3.

Dated:     June 23, 2025             SO ORDERED.
           New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE